# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BATES,<br><br>        **Plaintiff**<br><br>        v.<br><br>UNITED PARCEL SERVICE, and DOES 1-10,<br><br>        **Defendants** | CASE NO. 1:17-CV-697 AWI-EPG<br><br>**ORDER ON DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. No. 21) |

      In January of 2015, Steven Bates was fired from his job as a road driver for UPS Ground Freight ("UPS"). Bates contends UPS fired him because of a knee injury he sustained two years' prior, and alleges claims of disability discrimination, failure to prevent discrimination, and failure to engage in the interactive process.

      UPS now moves for summary judgment, contending Bates was not disabled in 2015, UPS' decision-maker supervisors were not aware of any purported disability, and Bates was ultimately fired for refusing to perform assigned work. UPS therefore maintains Bates's claims for disability discrimination and failure to prevent discrimination fail. As to Bates's failure-to-engage claim, UPS contends even if Bates was disabled, he did not take advantage of the procedures available to report his disability, to request an accommodation, or to engage in good-faith discussions regarding any accommodation. Finally, UPS contends Bates's damages claim cannot survive a mixed-motive defense, and his claim for punitive damages fails in the absence of any malice, oppression, or fraud.

      For the reasons that follow, summary judgment in Defendants' favor is warranted.

*Background*[1]

Bates worked as a road driver for UPS from 2005 until January 30, 2015. See Doc. No. 21-2 at ¶ 1 ("Joint Statement of Undisputed Facts"). Road drivers are responsible for transporting "all types" of freight, and their job duties include "reporting to dispatch, getting paperwork or direction, pre-tripping tractor trucks [per Department of Transportation regulations], locating and hooking up assigned trailers, [] leaving the terminal at the assigned gate time, driving to the assigned destination, and then performing a post-trip inspection (putting equipment away, reporting broken lights, and completing various paperwork)." Id. at ¶ 3.

In January of 2013, Bates was assigned to the UPS facility in Fresno, and injured his right knee while working at the UPS facility in Sacramento. Id. at ¶ 7. Bates was given physical restrictions—"No prolonged standing and/or walking longer than 10 min/hr.; No squatting and/or kneeling; Should be sitting 90% of the time; No climbing stairs or ladders." Id. at ¶ 8. UPS placed Bates on a leave of absence beginning March 2013. Id. at ¶ 9.

In July 2014, Bates was cleared by his doctor to return to regular duty at the Fresno facility. Id. at ¶ 12; Doc. No. 21-9 at 143:4-144:8 (depo. of Steven Bates); Id. at Ex's. 13-15 to Bates depo. (medical documents demonstrating permission to "return to regular work"). Shortly thereafter, Bates transferred to the Kettleman City facility and took a bid as a road driver. Doc. No. 21-2 at ¶ 16. The week Bates was terminated, the start time for his shift was posted as 11:30 p.m., with a gate time of 2:00 a.m.; the posting notified employees that "[a]ll work performed to be as directed." Doc. No. 21-3 at ¶ 18; Doc. No 21-9 at 191:16-20; Id. at Ex. 20 to Bates depo. ("Shift Schedule" for Jan. 26-Feb. 1). At the Kettleman City facility, when more than 30 minutes existed between a road-driver's start time and gate time, these employees were expected to perform dock work, which can include loading and unloading freight with or without a forklift. Doc. No. 21-3 at ¶ 6 ("Defendants' Supplemental Facts"); Doc. No 21-9 at 200:23-201:3, 202:5-9; Doc. No. 21-10 at 56:16-58:19 and 67:4-68:21 (depo. of Steven Sharp).

---

[1] These facts primarily derive from the joint statement of facts, and are presented in a light most favorable to the nonmoving party. Soremekun, 509 F.3d at 984. However, Local Rule 260(b) requires the opposing party to "reproduce the itemized facts . . . and deny those that are disputed." Bates failed to respond to UPS's submission of "disputed facts." See Doc. No. 21-3. Facts from this submission—when supported by the record —will be treated as undisputed for summary judgment. Torres v. County of Madera, 2011 WL 6141080 at *1 (E.D. Cal. Dec. 9, 2011).

On January 28, 2015, Bates arrived at 11:30pm and immediately began arguing with a co-worker. Doc. No. 21-9 at 208:12-24. A few minutes later, Bates reported to his supervisor, asking "where are my trailers?"; Bates was directed to work the dock, as his gate time was two-and-a-half hours later. Doc. No. 21-9 at 218:12-18 and 234:4-5; Doc. No. 21-6 at ¶ 4 (decl. of Johnny Caldera). Bates disputed his start time, and alongside his supervisor reviewed the Shift Schedule for the week—which contained the "as directed" language. Doc. No. 21-9 at 218:20-219:1. Bates then informed his supervisors that he was "calling off" "sick," and proceeded to clock out. Id. at 221:20-21 and 244:7-24; Doc. No. 21-6 at ¶ 8. At no point did Bates inform his supervisors that he was unable to work due to his previous knee injury. Id. at ¶ 13. Bates was informally terminated that day for "insubordination," and was formally discharged two days later. Doc. No. 21-9 at 254:13-16; Doc. No. 21-2 at ¶ 1.

Bates filed a number of complaints asserting claims separate and apart from the issue of disability discrimination—including a formal grievance under the Collective Bargaining Agreement, a complaint with the NLRB, and a complaint with the US Department of Labor. Doc. No. 21-3 at ¶ 48. The claims were denied. Id.; see also Doc. No. 21-12 (Ex. 4, ALJ Decision denying Bates's complaint for retaliation for engaging in a protected activity). Bates then filed the instant action, alleging disability discrimination (Cal. Gov. Code § 12940(a)), failure to prevent discrimination (§ 12940(k)), and failure to engage in the interactive process (§ 12940(n)). See Doc. No. 1. UPS now moves for summary judgment. Doc. No. 21.

*Legal Standard for Summary Judgment*

Summary judgment is proper when no genuine issue as to any material fact exists, entitling the moving party to judgment as a matter of law. Rule 56.[2] A dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Freecycle Sunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. United States v. Kapp, 564 F.3d 1103, 1114 (9th Cir. 2009).

///

---

[2] Citations to the "Rules" is to the Federal Rules of Civil Procedure, unless otherwise noted.

1         The party seeking summary judgment bears the initial burden to inform the court of the legal basis for its motion, and to identify the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party does not bear the burden of proof on an issue at trial, the movant may prevail by "merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id.

        If the moving party meets its initial burden, the opposing party must then establish that a genuine issue as to any material fact exists. Id. at 1103. The opposing party cannot rest upon the mere allegations or denials of its pleading, but must instead produce evidence that sets forth specific facts showing a genuine issue still exists. Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Anderson, 477 U.S. at 248). The opposing party's evidence is to be believed, and all justifiable inferences that may be drawn from the facts placed before the court must be drawn in the opposing party's favor. Anderson, 477 U.S. at 255; Narayan v. EGL, Inc., 616 F.3d 895, 899 (9th Cir. 2010). While a "justifiable inference" need not be the most likely or the most persuasive inference, it must still be rational or reasonable. Id. The parties have the obligation to identify material facts; the court is not required to scour the record in search of a genuine disputed material fact. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010). A party's "conclusory statement that there is a genuine issue of material fact, without evidentiary support, is insufficient to withstand summary judgment." Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1167 (9th Cir. 2002). Further, a "motion for summary judgment may not be defeated . . . by evidence that is merely colorable or is not significantly probative." Anderson, 477 U.S. at 249-50; Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

        Fundamentally, summary judgment may not be granted "where divergent ultimate inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015).

///

///

*Parties' Arguments*

UPS offers multiple arguments for why summary judgment should lie in its favor. For Bates's claims for disability discrimination and failure to prevent discrimination, UPS contends Bates was not disabled at the time of his termination, nor was Bates's supervisor aware of any purported disability—as six-months' prior he was released to regular duty with no restrictions. Doc. No. 21 at p. 1. As to Bates's "failure to engage" claim, UPS argues that since it was unaware of any purported disability, it was Bates's initial responsibility to inform them of his need for an accommodation.[3] Id.

Bates argues his supervisors knew of his inability "to physically perform [dock duty] because of his medical conditions (illness)[.]" Doc. No. 25 at p. 3.

*Analysis*

The Fair Employment and Housing Act ("FEHA") makes it unlawful "[f]or an employer, because of the … physical disability … of any person, … to discharge the person from employment," unless the employee "is unable to perform his or her essential duties even with reasonable accommodations." Cal. Gov. Code § 12940(a); Alamillo v. BNSF Ry. Co., 869 F.3d 916, 920 (9th Cir. 2017). A FEHA disability-discrimination claim requires a plaintiff to show "(1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability." Id. (quoting Faust v. Cal. Portland Cement Co., 150 Cal.App.4th 864 (2007)). Thus, the employer's knowledge of the disability is a necessary element of the cause of action. See Brundage v. Hahn, 57 Cal.App.4th 228, 236 (1997) ("An adverse employment decision cannot be made 'because of' a disability, when the disability is not known to the employer."). "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA]." Avila v. Continental Airlines, Inc., 165 Cal.App.4th 1237, 1248 (2008); see also Arteaga v. Brink's, Inc., 163 Cal.App.4th 327, 342 (2008) ("An employer will be liable for intentional discrimination if it is shown that its employment decision was premised upon an illegitimate criterion.").

---

[3] UPS presents other arguments in its motion for summary judgment, but since the above arguments are dispositive, the Court will not comment on the other arguments.

1 Here, even assuming *arguendo* that Bates was disabled when UPS terminated him, Bates's
2 claim for disability discrimination fails because he has no evidence to show UPS had any
3 knowledge of this disability.  Bates was injured in January of 2013, given physical restrictions by
4 his doctor, and placed on a year-long leave of absence. Doc. No. 21-1 at ¶¶ 7-9.  However, the
5 evidence presented to the Court shows that in mid-2014, Bates was cleared to return to regular
6 duty, resuming his job as a road driver. Id. at ¶ 12; Doc. No. 21-9 at 143:4-144:8 (depo. of Steven
7 Bates); Id. at Ex's. 13-15 to Bates depo. (medical documents demonstrating permission to "return
8 to regular work").  UPS supervisors appear unaware that Bates he was unable to perform his duties
9 due to his previous knee injury.  Doc. No. 21-6 at ¶ 13.  Thus, UPS has met its initial burden to
10 show it was unaware of any injury when Bates was terminated—i.e. an absence of a genuine issue
11 of material fact.  Soremekun, 509 F.3d at 984; Alamillo, 869 F.3d at 920 ("Alamillo's claim fails
12 at the first step—establishing a prima facie case—because the summary judgment record contains
13 no evidence . . . [that] BNSF [knew] Alamillo was disabled when the decision to initiate
14 disciplinary proceedings was made."); see also Avila, 165 Cal.App.4th at 1247-48 (finding no
15 genuine issue of material fact on defendant's knowledge of plaintiff's disability where, among
16 other things, plaintiff's medical documents allowed for a return to work without restriction, and
17 did not otherwise indicate an ongoing disability).

18 Bates contends UPS was made aware that his knee injury was a disability when, on the day
19 of his termination, he told his supervisor he was "calling off" "sick." Doc. No. 21-9 at 221:20-21
20 and 244:7-24; Doc. No. 21-6 at ¶ 8. However, this kind of vague statement is not significantly
21 probative of the issue of UPS's knowledge of a purported disability, and therefore does not satisfy
22 his burden to show he put UPS "on notice of its obligations under the [FEHA]."  Avila, 165
23 Cal.App.4th at 1248; Arteaga, 163 Cal.App.4th at 342; see also Anderson, 477 U.S. at 249-50 ("A
24 motion for summary judgment may not be defeated . . . by evidence that is merely colorable or is
25 not significantly probative."). Bates also argues that the Court can infer causation due to the
26 temporal proximity between his injury and firing.  Doc. No. 25 at p. 7.  However, the record
27 shows Bates was fired over six months after he was cleared to return to regular duty without
28 restrictions, a time lapse that—as Bates recognizes—is insufficient to show causation without

6

more support. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) (examining time lapses in retaliation contexts in which time lapses of four or five months were insufficient to show causation). Aside from these two factual contentions, Bates merely asserts in his opposition brief that he "had only recently returned to work following an extended absence due to a serious physical injury that made it impossible for him to perform his regular job duties," and that UPS "was aware of his history of disability." Doc. No. 25 at p. 4. However, Bates has not provided a single citation to any material fact in the record that supports these assertions, and thus his assertions alone do not support his claim on this issue. Bryant, 289 F.3d at 1167 ("[A party's] conclusory statement that there is a genuine issue of material fact, without evidentiary support, is insufficient to withstand summary judgment."); Simmons, 609 F.3d at 1017 ("The parties have the obligation to identify material facts; the court is not required to scour the record in search of a genuine disputed material fact."). Thus, as far as the record is concerned, Bates's alleged disability played no part in his termination. See Swonke v. Sprint Inc., 327 F.Supp.2d 1128, 1136 (N.D. Cal. 2004) (granting summary judgment where decision-makers for openings for which plaintiff applied had no knowledge of plaintiff's disabilities).

Since UPS has met its burden to show an absence of evidence on an element of Bates's disability discrimination claim, and Bates has failed to proffer material facts establishing a genuine issue exists for this element, summary judgment is warranted on Bates's claim for disability discrimination under FEHA § 12940(a). Soremekun, 509 F.3d at 1103. Further, because Bates's "failure to prevent discrimination" claim is predicated on his underlying discrimination claim, summary judgment is warranted on Bates's second cause of action under §§ 12940(k). Trujillo v. N. Cty. Transit Dist., 63 Cal.App.4th 280, 288–89 (1998) ("We do not believe the statutory language supports recovery on [a failure to prevent discrimination claim] where there has been a specific factual finding that no such discrimination or harassment actually occurred at the [] workplace."); Scotch v. Art Inst. of Cal., 173 Cal.App.4th 986, 1021 (2009) ("An actionable claim under § 12940(k) is dependent on a claim of actual discrimination."). Finally, Bates's "failure to engage" claim also fails on the above facts. UPS appears unaware of any disability when it fired Bates, meaning it was Bates's burden to inform UPS of a disability and suggest a reasonable

accommodation. Id. at 1013 ("Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, . . . the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations."); see also Featherstone v. S. California Permanente Med. Grp., 10 Cal.App.5th 1150, 1169 (2017) (granting summary judgment for the employer where the employee never informed her employer about her disability, her doctor cleared her to return to work without restriction, and she never suggested a reasonable accommodation).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' summary judgment motion (Doc. No. 21) is GRANTED; and
2. The Clerk of the Court shall ENTER JUDGMENT in favor of Defendants and CLOSE this case.

IT IS SO ORDERED.

Dated:  November 5, 2018

SENIOR DISTRICT JUDGE